IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00050-KDB-SCR

| | |
|---|---|
| **CHRISTY MARIE READY,** Plaintiff, v. **NAVIENT SOLUTIONS, LLC,** Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Navient Solutions, LLC's Motion for Summary Judgment (Doc. No. 46). The Court has carefully considered this motion and the Parties' briefs and exhibits. For the reasons discussed below, the Court will **DENY** the motion.

## I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); see *United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land*, 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id.* (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to

1

interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land*, 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)).

"The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, inter alia, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land*, 36 F.4th at 252 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)). And "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *see also Tankesley v. Vidal*, No. 1:21-CV-I448, 2023 WL 4273763, at *2 (E.D. Va. June 29, 2023) ("It is ... well-settled within the Fourth Circuit that 'where a party submits an affidavit that is inconsistent with a

2

Case 5:24-cv-00050-KDB-SCR    Document 63    Filed 08/27/25    Page 2 of 5

witness's deposition testimony, the contradictory affidavit is disregarded for purposes of summary judgment.'").

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (citation modified). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II. DISCUSSION

In October 1995, Plaintiff Christy Ready consolidated several student loans totaling approximately $5,548. Doc. No. 48 at 2. On December 29, 1995, the consolidated loan dispersed in the amount of $5,581.86. *Id.* at 3. Defendant Navient's internal records identify the "owner" of the loan as Citibank (NYS). *Id.* at 6. In 2002, Ms. Ready again consolidated her student loans. Doc. No. 60 at 4. Before closing the new loan, Navient (then operating as Sallie Mae) allegedly sent Ms. Ready a letter—not produced by either Party—inquiring whether she wished to include the 1995 consolidation loan (the "Citibank Loan") in the new consolidation. At that time, the balance on the Citibank Loan stood at $6,288.18. *Id.*

3

The Parties agree that Ms. Ready responded by sending a signed letter requesting inclusion of the Citibank Loan (referred to in her letter as the "Sallie Mae" loan in the amount of $6,288.18) in the 2002 consolidation. Doc. No. 60-4 at 1. Navient then added the Citibank Loan to the 2002 consolidation loan and dispersed $6,232.15 to pay it off in early May 2002. Doc. No. 60-11 at 6. Despite numerous loan records referencing the Citibank Loan, Ms. Ready now contends that she never held a student loan from Citibank and never electronically signed the 2002 Loan Consolidation promissory note, claiming "e-signature didn't come out until much later than that, [therefore] that is not my signature." Doc. Nos. 60 at 4–5; 60-12 at 1–2. And her denial does not stand alone. In support of her claim that she never held a student loan from Citibank, Ms. Ready submitted a notarized declaration from Barbara Wourms, a Senior Vice President at Citibank, NA, stating that the company was "unable to locate any record of student loans made by Citibank, NA" to Ms. Ready. Doc. No. 60-6 (Wourms Declaration) at 1.

Navient counters that in 2002, Sallie Mae maintained an electronic signature process, requiring a borrower (including Ms. Ready) to consent before permitting an application and promissory note to be signed online. Doc. No. 47-1 (Reinhart Declaration) at ¶ 10. This process involved a "credit-based verification and implementation of security measures used to ensure the authenticity … of any electronically signed record." *Id.* Navient also disputes the usefulness of the Wourms Declaration, explaining that in 1995, the consolidated loan was originated by Citibank (NYS), not Citibank, NA, but admits that Citibank, NA acquired Citibank (NYS) in 2003. Doc. Nos. 62 at 3; 62-1 at 2.

The sole loan in dispute is the Citibank Loan, and Ms. Ready's claims under the Fair Credit Reporting Act and North Carolina law necessarily turn on whether that loan in fact existed. Therefore, if she has presented a genuine issue of material fact on that issue, then that is sufficient

4

to overcome Navient's Motion for Summary Judgment. The Court finds she has. Although Navient submits records indicating the 1995 Citibank (consolidated) Loan was originated by Citibank (NYS), Ms. Ready's notarized declaration from Citibank, NA, Citibank (NYS's) successor, asserts it has no record of issuing any student loans to Ms. Ready under her current or maiden name. Accordingly, there is a genuine issue of material fact that must be resolved by a jury, and the Court will deny the Motion for Summary Judgment.

### III.     ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 46) is **DENIED;** and
2. This case shall **proceed toward trial on the merits** in the absence of a voluntary resolution of the dispute among the Parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 26, 2025

Kenneth D. Bell
United States District Judge