IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| CHRISTY MARIE READY,<br><br>        Plaintiff,<br><br>vs.<br><br>NAVIENT SOLUTIONS, LLC, EXPERIAN INFORMATION SOLUTIONS, LLC, EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC,<br><br>        Defendants. | Case No. 5:24-CV-00050-KDB-SCR<br><br>**DEFENDANT NAVIENT SOLUTIONS, LLC'S REPLY IN SUPPORT OF *MOTION IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT, OR REFERENCE TO OTHER LAWSUITS, ENFORCEMENT ACTIONS OR SETTLEMENTS AGAINST NSL OR ITS PARENT COMPANY, NAVIENT CORPORATION** |

        Defendant Navient Solutions, LLC (**NSL**), submits this reply in support of its *motion in limine* seeking to prohibit Ms. Ready from introducing any evidence, testimony, argument, or reference at trial regarding the existence of any other lawsuits, enforcement actions, or settlements against NSL or its parent company, Navient Corporation (Doc. 69). Ms. Ready focuses her response to NSL's motion entirely on a Consumer Financial Protection Bureau's (**CFPB**) complaint and consent decree.[1] Putting aside the irrelevancy and undue prejudice, references to these documents (and references to any other lawsuits, actions or settlements) are inadmissible. Ms. Ready seeks to use these prior actions as evidence of NSL's bad character—which is barred by Rule 404—and involve compromise negotiations of disputed claims under Rule 408. Allowing this evidence to determine punitive damages would also raise due process concerns.

### I.    LEGAL ARGUMENT

    **A.    Evidence of the consent order and any other action or enforcement is inadmissible under Rules 401 & 402.**

---

[1] *See Consumer Financial Protection Bureau v. Navient Corporation, et al.*, 3:17-CV-101 (W.D.Pa.).

In her response to NSL's *motion in limine*, Ms. Ready cites to allegations from the CFPB's 2017 complaint against NSL and Navient Corporation. *See* Doc. 76 at 2. The complaint is not evidence of anything but unproven allegations by other borrowers. *Ball v. LeBlanc*, 792 F.3d 584, 595 (5th Cir. 2015) ("Because grievances are essentially pleadings, not evidence, they must have independent verification before they become probative"). Ms. Ready disingenuously mischaracterizes the unproven complaint allegations as language from the consent order. *Id.* The consent order in fact specifically disclaims any liability for the alleged acts. *See* Stipulated Final Judgment and Order filed 9/12/2024 ("The Bureau and Defendants [Navient Solutions, LLC and Navient Corporation] agree to entry of this Stipulated Final Judgment and Order . . . *without adjudication of any issue of fact or law*, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.") (Emphasis added.)

Even if Ms. Ready relied on something more than bare complaint allegations, the CFPB's complaint and consent order (and any other lawsuits, actions or settlements against NSL or its parent company, Navient Corporation) must be excluded as irrelevant. The CFPB complaint focuses on servicing activities (*e.g.*, informing and enrolling borrowers into forbearance or other loan repayment plans) entirely unrelated to Ms. Ready's claims (which involve credit dispute investigation and debt communications). Those allegations and the consent order cannot have any relevance to the current action. *See* Fed. R. Evid. 401 & 402. *See also, Gribben v. United Parcel Serv., Inc.,* 528 F.3d 1166, 1172 (9th Cir. 2008) (affirming trial court's decision to exclude an unrelated consent decree between the defendant and the Equal Employment Opportunity Commission because it was irrelevant to the plaintiff's claims). And, Ms. Ready points to no other action or settlement that could possibly to relevant to Ms. Ready's claims.

## B. Evidence of the consent order and other actions are inadmissible under Rule 404.

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Here, Ms. Ready seeks to introduce CFPB's complaint and consent decree as evidence that NSL is a bad actor—that it has a propensity for committing wrongful acts against borrowers in the past and therefore it has wronged Ms. Ready in this action. This evidence is unquestionably precluded by Rule 404. *See* Fed. R. Evid. 404(b); *see also, U.S. v. McBride*, 676 F.3d 385 (4th Cir. 2012) (prior "bad act" evidence is inadmissible under Rule 404(b) to demonstrate a defendant's bad character); *State v. Al-Bayyinah*, 567 S.E.2d 120, 122 (2002) ("[t]he dangerous tendency of [Rule 404(b)] evidence to mislead and raise a legally spurious presumption of guilt requires that its admissibility should be subjected to strict scrutiny by the courts") (quoting *State v. Johnson,* 317 N.C. 417, 430 (1986). Although Rule 404(b) allows for certain exceptions, none apply here. *See* Fed. R. Evid. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.")

The Fourth Circuit has explained evidence of prior acts is only admissible if it satisfies the following four-prong test:

> "(1) The evidence must be relevant to an issue, such as an element of the offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process."

*U.S. v. Queen,* 132 F.3d 991, 997 (4th Cir. 1997); *see also Westfield Ins. Co. v. Harris,* 134 F.3d

608, 614 (4th Cir. 1998). Ms. Ready falls far short of meeting this standard.

*First*, Ms. Ready cannot establish the circumstances surrounding other borrowers' allegations against NSL are substantially similar to those in this case. The CFPB complaint centers on servicing activities (namely "forbearance steering") which bear no relation to Ms. Ready's claims regarding NSL's credit dispute investigation, debt communications or NSL's internal accounting. *See* 1/18/2017 CFPB Complaint, ¶ 40 (alleging since approximately 2011, "despite publicly assuring borrowers that it will help them identify and enroll in an appropriate, affordable repayment plan, Navient has routinely disregarded that commitment and instead steered borrowers experiencing long-term distress or hardship into forbearance").

*Second*, Ms. Ready cannot show the CFPB's complaint or consent order is necessary to her case. The CFPB's complaint and the consent order do not shed light on any required element of Ms. Ready's claims under FCRA and NCDCA. *See Queen,* 132 F.3d at 994 ("the act must be necessary in sense that it is probative of an essential claim or element of the offense"). At most, this evidence would show NSL knew other borrowers complained about unrelated servicing activities—facts with no nexus or legal significance to Ms. Ready's claims. For the same reasons, Ms. Ready cannot use the evidence to show motive, intent, or any other exceptions under Rule 404(b). *See United States v. Cole,* 491 F.2d 1276, 1279 (4th Cir. 1974) ("Evidence to show intent is not admissible when the unrelated bad act is 'tenuous and remote in time . . .'"); *Coast-To-Coast Stores, Inc. v. Womack-Bowers, Inc.,* 818 F.2d 1398, 1404 (8th Cir. 1987) ("[E]vidence of other wrongs or acts . . . may be admitted only if the evidence relates to acts of wrongdoing 'similar in kind and reasonably close in time to the charge at trial'") (citations omitted); *see also, Simmons v. Scott,* No. 94-1035, 1995 WL 115842, at *3 (4th Cir. Mar. 20, 1995) (citing *Patterson v. McLean Credit Union,* 805 F.2d 1143, 1147 (4th Cir. 1986)).

*Third*, introduction of the CFPB's complaint and consent order would be unduly prejudicial to NSL. There is a genuine risk this evidence will confuse, distract or mislead the jury from the material facts and the actual issues and claims in this action, and evoke an emotional bias against NSL. *Id.* at ("Prejudice, as used in Rule 403, refers to evidence that has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one'") (citing Fed. R. Evid. 403 advisory committee's note).

### C. Evidence of the consent order is inadmissible under Rule 408.

Ms. Ready contends the CFPB's consent order evidences "the redress [NSL] was forced to make to settle the many claims brought by student borrowers through the CFPB." (*Id.* at 5.) But Rule 408 prohibits a party from introducing evidence of efforts to settle or compromise to prove the validity or to impeach a witness.

Crucially, the consent order is not a decision on the merits, but instead the product of settlement negotiations—a compromise of disputed claims—between NSL and CFPB. The consent order does not constitute any admission of liability or wrongdoing by NSL or its parent company, Navient Corporation. NSL and Navient Corporation agreed to "entry of [the] Stipulated Final Judgment and Order . . . without adjudication of any issue of fact or law, to resolve all matters in dispute arising from the conduct alleged in the Complaint." (Stipulated Final Judgment and Order filed 9/12/2024.) The consent order is not admissible under Rule 408, the purpose of which is to promote "the public policy of favoring the compromise and settlement of disputes." *See* Fed. R. Evid. 408, Notes of Advisory Committee on Rules (citing McCormick on Evidence §§ 76, 251); *see also*, *Suntrust Mort., Inc. v. Busby,* No. 2:09cv03, 2011 WL 251201 at 1 * (W.D.N.C.) (granting *motion in limine* to exclude evidence of settlement offer under Rule 408); *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir. 1976) ("This is a consent

judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues" and "[c]onsequently, it cannot be used as evidence in subsequent litigation between that corporation and another party"); *United States v. Oregon,* 913 F.2d 576, 580 (9th Cir. 1990) (explaining a consent decree is "not a decision on the merits or the achievement of the optimal outcome for all parties, but [is] the product of negotiation and compromise"); *Berke v. Presstek, Inc.,* 188 F.R.D. 179, 180 (D.N.H. June 2, 1998) ("the SEC's factual findings, included in the consent decrees, cannot be used to prove liability"); *Beatrice Foods Co. v. Fed. Trade Com.,* 540 F.2d 303, 312 (7th Cir. 1976) ("The entering of a consent decree, however, is not a decision on the merits and therefore does not adjudicate the legality of any action by a party thereto").

### D. Evidence of the consent order is inadmissible under Rule 403.

Putting aside the irrelevance of this evidence, the CFPB's complaint and consent order are inadmissible because the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* Fed. R. Evid. 403; *see also, Ross .v American Red Cross*, No. 2:09–cv–00905–GLF–MRA, 2012 WL 2004810, at *4 (S.D. Ohio June 5, 2012) ("[e]ven if the Consent Decree has relevance as evidentiary background, its probative value is substantially outweighed by the risks of unfair prejudice and confusion.")

### E. Evidence of the consent order to determine punitive damages is inadmissible under the Constitution's Due Process Clause.

Ms. Ready insists the consent order is "directly relevant to the jury's determination of the appropriate damages award sufficient to deter [NSL's] action[s] in the future." (Doc. 76 at 5.) But "the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for an injury that it inflicts upon nonparties or . . . those who are, essentially, strangers

to the litigation." *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 420 (2003) (reversing punitive damages award in case "framed . . . as a chance to rebuke State Farm for its nationwide activities"). NSL anticipates Ms. Ready will use the consent order to portray NSL as "an unsavory . . . business." *Campbell*, 538 U.S. at 423. But the consent order is not an admission of any prior wrongdoing by NSL and Ms. Ready has not proven NSL's liability in this case—let alone her entitlement to punitive damages. Even if the jury determines punitive damages are warranted, NSL can only be punished for conduct which harmed Ms. Ready. Allowing Ms. Ready to use the consent order to influence the jury decision on whether—and how much—to punish NSL raises due process concerns.

## II. CONCLUSION

For the foregoing reasons, NSL requests the court enter an order prohibiting Ms. Ready from introducing any evidence, testimony, argument, or reference at trial regarding the existence of any other lawsuits, enforcement actions, or settlements involving NSL or its parent company, Navient Corporation.

Respectfully submitted, this 3rd day of November, 2025.

**AKERMAN LLP**

*/s/ Heather L. Fesnak*
Heather L. Fesnak (Admitted *Pro Hac Vice*)
401 E. Jackson Street, Suite 1700
Tampa, FL 33602
Telephone: (813) 223-7333
Email: heather.fesnak@akerman.com

Taylor T. Haywood (N.C. State Bar No. 41649)
1900 Sixteenth Street, Suite 950
Denver, CO 80202
Telephone: (303) 260-7712
Email: taylor.haywood@akerman.com

*Attorneys for Defendant Navient Solutions, LLC*

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the Court's June 18, 2024 standing order regarding use of artificial intelligence, the undersigned counsel affirms the following:

1. No artificial intelligence was employed in doing the research for the preparation of this response brief, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this response brief has been checked by an attorney in this case and/or paralegal working at her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## CERTIFICATE OF SERVICE

I hereby certify on this 3rd day of November, 2025, a true and correct copy of the foregoing **DEFENDANT NAVIENT SOLUTIONS, LLC'S REPLY IN SUPPORT OF *MOTION IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT, OR REFERENCE TO OTHER LAWSUITS, ENFORCEMENT ACTIONS OR SETTLEMENTS AGAINST NSL OR ITS PARENT COMPANY, NAVIENT CORPORATION** was filed and served via CM/ECF on the following:

M. Shane Perry
Stacy L. Williams
Williams & Perry, PLLC
109 W. Statesville Avenue
Mooresville, NC 28115
Email: shane@williamsperry.com
Email: stacy@williamsperry.com

*Attorney for Plaintiff Christy Marie Ready*

                                **AKERMAN LLP**

                                */s/ Heather L. Fesnak*
                                Heather L. Fesnak (Admitted *Pro Hac Vice*)

401 E. Jackson Street, Suite 1700
Tampa, FL 33602
Telephone: (813) 223-7333
Email: heather.fesnak@akerman.com

Taylor T. Haywood (N.C. State Bar No. 41649)
1900 Sixteenth Street, Suite 950
Denver, CO 80202
Telephone: (303) 260-7712
Email: taylor.haywood@akerman.com

*Attorneys for Defendant Navient Solutions, LLC*