IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| CHRISTY MARIE READY,<br><br>      Plaintiff,<br><br>vs.<br><br>NAVIENT SOLUTIONS, LLC, EXPERIAN INFORMATION SOLUTIONS, LLC, EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC,<br><br>      Defendants. | Case No. 5:24-CV-00050-KDB-SCR<br><br>**DEFENDANT NAVIENT SOLUTIONS, LLC'S REPLY IN SUPPORT OF *MOTION IN LIMINE* NO. 2 TO EXCLUDE LAY WITNESS TESTIMONY REGARDING SPECULATIVE DAMAGES** |

Defendant Navient Solutions, LLC (**NSL**) submits this reply in support of its *motion in limine* for an order prohibiting Ms. Ready from introducing lay witness testimony regarding her alleged credit reporting damages based upon speculation, conjecture or hearsay (Doc. 70).

Federal Rule of Evidence 701 permits the introduction of lay witness opinion testimony, only if the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. NSL does not seek to impose "a blanket restriction" on lay witnesses, as Ms. Ready claims. Doc. 77 (response to NSL's *motion in limine* at 2.) Instead, NSL asks the Court to prohibit Ms. Ready from introducing any speculative testimony of lay witnesses who improperly opine on the issue of damages or damages causation.

### I.     LEGAL ARGUMENT

**A.    The Court should bar Ms. Ready from introducing speculative lay testimony from friends and family regarding her alleged damages or damages causation.**

Ms. Ready attributes her lack of employment and housing to NSL's credit reporting on the

loan. To the extent she seeks to introduce lay witness testimony from anyone other than landlords who rejected her rental applications or employers who declined to offer her a position, this testimony would be impermissibly speculative.

In her complaint, Ms. Ready alleges she suffered "[c]redit denials," "[l]owered credit limit[s]," "homelessness," "unemployment," "[b]eing forced to place belongs into several storage units," "[i]nability to purchase safe, reliable transportation," "[h]igh-interest auto loan," "[h]igher car insurance rate," and "[l]owered credit limits, and the concomitant higher debt to credit ratio." (Compl., ¶ 51(a)-(e), (g)-(j) and (l).) NSL anticipates Ms. Ready will seeking to introduce lay witness testimony from friends or family members attempting to show a causal link between NSL's reporting and her alleged loss of credit, employment opportunities or housing.

But courts require plaintiffs to provide *expert* testimony on causation when it veers too close to "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. . Ms. Ready's family and friends are not experts, they were not designated as experts and they cannot provide specialized testimony regarding the impact of NSL's credit report. *Valenzuela v. Equifax Info. Services*, No. No. CV-13-02259-PHX-DLR, 2015 WL 6811585, at * 3 (D. Az. Nov. 6, 2015) (finding witness lacked expertise necessary to opine on "economic effects of an inaccurate credit report"). Here, any conclusions these lay witnesses draw about the source of Ms. Ready's damages would be based on their subjective opinions, and not any objective methodological basis.

Ms. Ready's lay witnesses also necessarily lack the personal knowledge to opine on the cause of Ms. Ready's purported economic damages because they are not her prospective employers, landlords, or lenders. *See Certain Underwriters at Lloyd's, London v. Sinkovich,* 232 F.3d 200, 204 (4th Cir. 2000) (lay witness testimony is improper when not based on personal experience); *United States v. Fowler,* 932 F.2d 306, 312 (4th Cir. 1991) (permitting lay witness

opinion testimony only after an "adequate foundation" was laid). For the same reasons, speculative lay testimony regarding Ms. Ready's damages would amount to hearsay. Ms. Ready does not point to any applicable exceptions to the rule against hearsay. As a result, the only testimony Ms. Ready's friends and relatives can offer would relate to their observations of Ms. Ready's physical or emotional state, and not the source of her claimed economic damages.

If the Court allows speculative lay witness testimony regarding Ms. Ready's alleged damages or damages causation, the jury may reach a conclusion based on the lay witnesses' improperly drawn inferences—as opposed to their own independent analysis of the evidence presented at trial. This circumvents "the reliability requirements set forth in Rule 702" through "the simple expedient of proffering an expert in lay witness clothing," usurping the function of the jury. *See* Advisory Committee Note to 2000 amendment to Fed. R. Evid. 701.

> **B. The Court should prohibit the speculative lay testimony because it is unduly prejudicial, will mislead the jury, and be a waste of time.**

The risk of misleading the jury and for undue prejudice exceeds any marginal probative value of the proposed lay witness testimony. Speculative lay witness testimony regarding Ms. Ready's alleged credit reporting damages must be excluded under Rule 403 because of the substantial risk of undue prejudice and confusion. *See* Fed. R. Evid. 403 (the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.") Allowing Ms. Ready to introduce speculative lay testimony by her friends and family (*e.g.*, her autistic child) as to her alleged damages or damages causation would not aid the factfinder in understanding the facts of the case or making a decision on the merits. Instead, it invites the jury to make a decision based on sympathy instead of the evidence. The anticipated volume of witnesses alone has the potential

3

to improperly influence a jury to find for Ms. Ready or award excessive damages without any legal or factual basis.

In truth, any testimony would simply duplicate Ms. Ready's own damage testimony. *See Valenzuela*, 2015 WL 6811585, at *3 (noting witness' testimony "will not assist the fact-finder because [plaintiff] may testify about how the alleged credit reporting inaccuracies impacted him physically, emotionally, and economically"). Ms. Ready seeks to play on the heartstrings of the jury by parading her family and friends to provide cumulative, self-serving testimony on emotional issues without providing any new relevant information. This court may exclude testimony that is repetitious and cumulative of testimony already offered at trial. *United States v. Hagan*, 60 F.4th 932, 941 (5th Cir. 2023) (a district court has the power to exclude cumulative witness testimony); *Petersen v. Smith*, 762 Fed.Appx. 585, 591 (11th Cir. 2019) (finding harmless error in excluding testimony that was cumulative and corroborative of evidence presented by another witness); *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005) (noting that part of trial court's broad authority over trial management is the power to exclude cumulative testimony); *Laurent v. Ashcroft*, 359 F.3d 59, 63 (1st Cir. 2004) (noting that "[c]ommon sense suggests that trial judges must be accorded considerable leeway in cutting off cumulative or redundant testimony, and the case law so holds."); *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989) ("It is within the power of the district court to exclude testimony that is repetitious and cumulative of testimony already before the court."); *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985) ("It is well established that testimony which is merely repetitious and cumulative of testimony already introduced may be excluded by the trial court in its discretion."), cert. denied, 471 U.S. 1126 (1985). All of this would simply prolong testimony and needlessly consume the Court's and jury's time.

## II. CONCLUSION

Ms. Ready's witnesses consist of non-expert family and friends without any first-hand knowledge of the impact of NSL's credit reporting. Any credit damage causation testimony offered by these witnesses would be impermissible speculation, conjecture or hearsay. They can only offer cumulative and unfairly prejudicial testimony. NSL respectfully requests the court enter an order *in limine* prohibiting Ms. Ready from introducing lay witness testimony regarding her alleged credit reporting damages or damages causation based upon speculation, conjecture or hearsay.

Respectfully submitted, this 3rd day of November, 2025.

**AKERMAN LLP**

 */s/ Heather L. Fesnak*
Heather L. Fesnak (Admitted *Pro Hac Vice*)
401 E. Jackson Street, Suite 1700
Tampa, FL 33602
Telephone: (813) 223-7333
Email: heather.fesnak@akerman.com

Taylor T. Haywood (N.C. State Bar No. 41649)
1900 Sixteenth Street, Suite 950
Denver, CO 80202
Telephone: (303) 260-7712
Email: taylor.haywood@akerman.com

*Attorneys for Defendant Navient Solutions, LLC*

**CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE**

Pursuant to the Court's June 18, 2024 standing order regarding use of artificial intelligence, the undersigned counsel affirms the following:

1. No artificial intelligence was employed in doing the research for the preparation of this response brief, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this response brief has been checked by an attorney in this case and/or paralegal working at her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## CERTIFICATE OF SERVICE

I hereby certify on this 3rd day of November, 2025, a true and correct copy of the foregoing **DEFENDANT NAVIENT SOLUTIONS, LLC'S REPLY IN SUPPORT OF *MOTION IN LIMINE* NO. 2 TO EXCLUDE LAY WITNESS TESTIMONY REGARDING SPECULATIVE DAMAGES** was filed and served via CM/ECF on the following:

M. Shane Perry
Stacy L. Williams
Williams & Perry, PLLC
109 W. Statesville Avenue
Mooresville, NC 28115
Email: shane@williamsperry.com
Email: stacy@williamsperry.com

*Attorney for Plaintiff Christy Marie Ready*

               **AKERMAN LLP**

               */s/ Heather L. Fesnak*
               Heather L. Fesnak (Admitted *Pro Hac Vice*)
               401 E. Jackson Street, Suite 1700
               Tampa, FL 33602
               Telephone: (813) 223-7333
               Email: heather.fesnak@akerman.com

               Taylor T. Haywood (N.C. State Bar No. 41649)
               1900 Sixteenth Street, Suite 950
               Denver, CO 80202
               Telephone: (303) 260-7712
               Email: taylor.haywood@akerman.com

               *Attorneys for Defendant Navient Solutions, LLC*

6

83831493;2  Case 5:24-cv-00050-KDB-SCR    Document 83    Filed 11/03/25    Page 6 of 6